Conde v. Holder
BIA
Strauss, IJ
A088 526 184

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of December, two thousand eleven.

PRESENT:
    DENNIS JACOBS,
    PETER W. HALL,
    GERARD E. LYNCH,
        *Circuit Judges.*

_____

FATOUMATA CONDE,
        *Petitioner,*

                                        10-2216-ag

        v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Andrew P. Johnson, New York, N.Y.

FOR RESPONDENT:         Tony West, Assistant Attorney General;
                        Anthony P. Nicastro, Senior Litigation
                        Counsel; Joanna L. Watson, Trial
                        Attorney, Office of Immigration
                        Litigation, Civil Division, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the case is REMANDED for reconsideration.

Petitioner, Fatoumata Conde, a native and citizen of Guinea, seeks review of a May 5, 2010, decision of the BIA affirming the May 5, 2008, decision of Immigration Judge ("IJ") Michael W. Strauss denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fatoumata Conde*, No. A088 526 184 (B.I.A. May 5, 2010), *aff'g* No. A088 526 184 (Immig. Ct. Hartford, CT May 5, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

Conde's claim that she suffered past persecution and feared future persecution because of her alleged involvement with an opposition political party was rejected by the IJ because he found her not credible. Although we are obliged to give "particular deference" to the agency's credibility

2

finding, *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006), we will remand if the agency's fact-finding process was sufficiently flawed, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir. 2005). We conclude that the fact-finding was significantly flawed in this case.

The IJ based the adverse credibility finding primarily on Conde's responses to questions about the dates when certain events occurred. First, the IJ found "puzzling" that she could give December 22, 2004 as the date her passport was issued but "really does not know when she was attacked at the marketplace and allegedly brutally beaten." Yet Conde testified that the beating occurred in December 2004 -- "the 14th or 15th, something like that." Moreover, it seems obvious that the precise date the passport was issued was readily ascertainable from the face of the document, whereas there is nothing unremarkable about one's inability to recollect the precise date of an incident, traumatic or not, that transpired in one's life four years earlier. Second, the IJ stated that the dates of the alleged beating and the passport issuance "simply do not add up." The IJ focused first on the 14th or 15th of December, even though Conde had said the event occurred on those dates "or something like that." Then the IJ expressed doubt that the passport could have been issued so quickly after the alleged attack. The

IJ's skepticism was perhaps attributable to some aggressive and somewhat misleading questioning by the government attorney, who asserted to Conde that she (Conde) had said that the passport photo was taken "about two weeks after" the injury. That is not what Conde had said. When asked on cross-examination, "How long after your injury was the picture for your passport taken?" she replied, "Almost second week," not two weeks later. Earlier Conde had explained that she was lying down for one week after the injury and "The second week I started walking and I could go to the market." Thus, even if the injury occurred on the 14th, there would be no inconsistency in her account of obtaining the passport on the 22nd--during the second week after the injury. Conde had explained that the photo and passport issuance occurred at the same time.

In view of Conde's extremely detailed accounts of the fatal beating of her father and her own beating both at the hands of political opponents, these flaws in the fact-finding preclude our accepting the IJ's credibility finding as supportable on this record.

The IJ also cited Conde's failure to produce a certificate of the death of her father, and rejected the reason she gave for that failure. The IJ said that the reason proffered was that the hospital in Labe, where the father died, "was not big." We see no such testimony or claim in the

4

record. What the record does disclose is that Conde's attorney explained to the IJ that "it probably would have been almost impossible to get the death certificate" because Conde "had no family living in Labe." The IJ did not consider this explanation. *See Li Zu Guan v. INS*, 453 F.3d 129, 141 (2d Cir. 2006) (adverse credibility finding may not be based on absence of corroborating evidence that was not reasonable available).

Accordingly, under all the circumstances, we will grant the petition for review and remand to the agency for reconsideration of Conde's application for asylum and other relief.

Conde's attorney's motion to withdraw as counsel and dismiss the petition is denied.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk